UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NESTOR NSUMBU KALONJI,

                Petitioner,

    v.

TODD BLANCHE, et al.,

                Respondents.

Case No. C26-2214-SKV

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Nestor Nsumbu Kalonji is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody and various forms of injunctive relief related to third country removal and future redetention. *See* Dkt. 7. Petitioner, who is proceeding through counsel, asserts amongst other grounds that he is entitled to release from custody because his removal is not reasonably foreseeable and his continued detention is therefore in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See id*. at 24. Respondents filed a return to the petition, *see* Dkt. 10, together with a supporting declaration by Deportation Officer Kurtis Reed, *see* Dkt. 11, and supporting exhibits, *see* Dkts. 12, 17. Petitioner filed a reply. *See* Dkt. 13.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 1

The Court, having considered the parties' submissions and the governing law, DENIES the petition without prejudice.

## I.    BACKGROUND

Petitioner is a native and citizen of the Democratic Republic of the Congo ("DRC").  *See* Dkt. 7 at 3.  On May 10, 2019, Petitioner entered the United States by way of Tijuana, Mexico. *See id.*  He was detained, issued a Notice and Order of Expedited Removal, and charged as inadmissible under INA § 212(a)(7)(A)(i)(I).  *See* Dkt. 11 at 2; Dkt. 12-2 at 2.  Petitioner subsequently filed an application for asylum.  *See* Dkt. 7 at 3.  In November 2019, an immigration judge ("IJ") denied him asylum, withholding of removal, and protection under the Convention Against Torture.  *See id.*  Petitioner appealed, and the Board of Immigration Appeals ("BIA") remanded his case for consideration of additional evidence.  *See id.*  In May 2020, an IJ again denied all relief and ordered Petitioner removed to the DRC, and Petitioner filed a second appeal to the BIA.  *See id.*  On June 4, 2020, Petitioner was paroled into the United States and placed in the Alternatives to Detention program.[1]  *See id.*; Dkt. 11 at 3.  His parole expired on June 3, 2021.  *See* Dkt. 11 at 3.

On April 30, 2025, the BIA denied Petitioner's second appeal, and his order of removal became administratively final.  *See* Dkt. 7 at 3.  On May 4, 2025, Petitioner received a letter from the BIA informing him that he needed to leave the country.  *See id.*  Six days later, on May 10, 2025, Petitioner attempted to enter Canada near Blaine, Washington.  *See id.*  That same day, he was encountered by Canadian Border Service Agents ("CBSA"), denied entry into Canada, escorted to the secondary inspection area by CBSA, and turned over to United States Customs

---

[1] The I-213 form filed by Respondents indicates Petitioner may have been released on his own recognizance prior to this date on July 1, 2019.  *See* Dkt. 12-1 at 3.  Neither party discusses release besides the parole granted to Petitioner on June 4, 2020.

and Border Patrol. *See id.*; Dkt. 12-1 at 3. Petitioner was then transferred to the NWIPC, and he has been in immigration custody since. *See* Dkt. 7 at 3; Dkt. 12-1 at 3.

On February 25, 2026, ICE obtained a DRC travel document valid until August 24, 2026. *See* Dkt. 11 at 3; Dkt. 17 (travel document). ICE also arranged for a commercial plane ticket for Petitioner from Seattle to the DRC. *See* Dkt. 11 at 3. Respondents allege that Petitioner refused to board that flight scheduled for April 14, 2026. *See id.* ICE subsequently attempted to organize a charter flight to remove Petitioner to the DRC. *See id.* However, a charter flight was ultimately not available due to the ongoing Ebola virus outbreak in the DRC. *See id.*

Petitioner sets out a different set of facts regarding that removal attempt. On April 14, 2026, Petitioner alleges that ICE officers informed him that he would be deported to the DRC on a commercial flight later that day. *See* Dkt. 14 at 1. He asserts that they refused to show him a travel document or plane ticket. *See id.* He further alleges that ICE officers asked him to sign documents but would not let him read them, did not explain what the documents said, and did not tell him what would happen if he refused to sign them. *See id.* at 1–2. He claims he was never taken to the airport and never refused to board a flight. *See id.* at 2.

On June 25, 2026, Petitioner filed the instant case seeking release from immigration detention. *See* Dkt. 1.

## II.    LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15, 2026). "In habeas cases, federal courts have broad discretion in conditioning a judgment

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 3

granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243.

### III.    DISCUSSION

The Immigration and Nationality Act expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings.  *See* 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a).  Section 1231(a) governs the detention and release of noncitizens such as Petitioner who have been ordered removed, and it provides that the Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period."  8 U.S.C. § 1231(a)(2).  After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision.  *See* 8 U.S.C. § 1231(a)(6).  Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely.  *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States.  *See id.* at 701.  The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States.  *Id.*  "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing."  *Id.*  If the government is unable to meet its burden, then the noncitizen must be released from detention.  *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 4

Petitioner has been detained for over fourteen months since his order of removal became final, and he has not been removed.  Petitioner asserts that his removal is unforeseeable because the Ebola virus outbreak and armed conflict persist in the DRC unabated.  *See* Dkt. 7 at 8.  He also posits that "[t]here is no indication travel documents . . . are imminent."  *Id.*

Respondents rebut Petitioner's showing by demonstrating that they have a valid DRC travel document for Petitioner, and booked Petitioner on a commercial flight to the DRC before Petitioner filed this case, and by asserting they can book Petitioner on another commercial flight to the DRC.[2]  *See* Dkt. 10 at 4; Dkt. 17.  They assert commercial flights continue to be available despite the Ebola virus outbreak.  *See* Dkt. 10 at 4.  Presumably, because Petitioner's travel document expires on August 24, 2026, any removal will take place within approximately one month.  Petitioner's removal therefore appears to be imminent, and the Court accordingly concludes Petitioner is not entitled to release under *Zadvydas*.

Petitioner's other claims regarding redetention and third-country removal are critically underdeveloped or inapplicable.  Petitioner supports his redetention claims with template briefing that does not engage with the facts of his case.  Crucially, he makes no mention of his attempted or actual departure from the United States to seek admission to Canada or his redetention at an international border.  *See, e.g.*, Dkt. 7 at 25; Dkt. 13 at 6.  He also does not address those facts' bearing on the liberty interest he asserts.  *See Mohan v. Noem*, No. C26-0534-TMC, 2026 WL 764176, at *3 (W.D. Wash. Mar. 18, 2026) ("Petitioner's detention at the border does not implicate the liberty interest he 'took with him' when 'he was released from his initial detention'" (cited sources omitted)).  Also, there is no indication that Respondents seek to remove Petitioner to any country besides his country of origin, for which they obtained a valid

---

[2] At the Court's direction, Respondents filed a copy of the travel document they obtained for Petitioner and proof of the prior travel arrangements they made for his removal to the DRC.  *See* Dkt. 17.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 5

travel document and coordinated travel they represent can be re-arranged before expiration of the travel document. *See* Dkt. 10 at 11. The Court accordingly does not find itself positioned to address those claims or the corresponding requests for injunctive relief. *See* Dkt. 7 at 25–31.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's claims are DENIED without prejudice.

Dated this 21st day of July, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 6